IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TYRONE ALLEN ELLIS                                                                      PLAINTIFF

         v.                        Civil No. 1:11-cv-01006

CIRCUIT JUDGE LARRY CHANDLER;
PROSECUTING ATTORNEY DAVID
BUTLER; DAVID TALLEY, JR., Public
Defender; PROSECUTING ATTORNEY
RYAN PHILLIPS; and CAPTAIN TRUMAN
YOUNG, Columbia County Detention Facility                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Tyrone Ellis, is currently an inmate of the Arkansas Department of Correction, East Arkansas Regional Unit.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Also pending before me is the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 5).

**1. Background**

On September 2, 2010, Plaintiff indicates he appeared in the Columbia County Circuit Court. Judge Larry Chandler presided and Plaintiff was represented by appointed attorney David Talley. Plaintiff indicates he refused a plea offer and asked Judge Chandler to appoint him a different attorney. Plaintiff asserts that David Talley did not conduct proper discovery in the case.

On January 14, 2011, Plaintiff alleges he was convicted of first degree murder and sentenced

to life in the Arkansas Department of Correction. He also indicates he was sentenced to a term of thirty years imprisonment on a possession of firearm charge. With respect to the firearm conviction, Plaintiff argues he did not commit this crime and never had possession of a firearm.

As relief, he asks for reversal of his conviction or for an appeal to be filed in his criminal case.

**2. Discussion**

As noted above, the Plaintiff is an inmate of the Arkansas Department of Correction, East Arkansas Regional Unit. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination is made of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination is made whether the causes of action stated in the complaint are frivolous, malicious, or are asserted against individuals immune from suit and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). *See also* 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he currently has no funds or assets. The records from the Columbia County Detention Facility show his monthly balance averaged fifty-two ($52.00) dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would

qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous or are asserted against individuals immune from suit. First, Judge Chandler is immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Second, David Talley is not subject to suit under § 1983. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). David Talley was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, Plaintiff may not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (Doc. 5) be denied and the Complaint be dismissed in its entirety because the claims asserted are frivolous or

are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of April 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE